## SUPREME COURT.

JOHN A. M'GAW and others agt. JAMES L. ADAMS and others.

A common carrier, whether by land or water, if he accepts property to carry as
the property of A., has no right to dispute A.'s ownership.  Where there is'
no fraud or insolvency, he must deliver according to order, and according to
agreement, and take his chance for the consequences.  He has no right him-
self to initiate a litigation of interpleader, because another interposes a claim
of ownership to the property.

*New-York Special Term, March,* 1857.

ON the 4th of October last, Hogan & Murphy of New Or-
leans, as agents of the owners, shipped 199 barrels of flour on

board the plaintiff's ship, then about to sail from that port for New York. By the terms of the bill of lading executed by the captain, the flour on arrival was to be delivered to *Nason & Collins*, they paying the freight. A day or two after, before the vessel was ready to sail, information arrived that Nason & Collins had stopped payment. The flour was accordingly seized, and, by virtue of a sequestration, executed by the sheriff of New Orleans, "came again into the possession of Hogan & Murphy," who, on the 8th of the same month, re-shipped it in the same vessel, the captain engaging, by a new bill of lading. to deliver it at New-York to the firm of *Adams & Buckingham*, instead of Nason & Collins.

Woodbury & Churchill, *for plaintiffs*.

Edwards & Man, *for defendants*.

Roosevelt, Justice. On its arrival here, the flour, as might have been anticipated, is claimed by both sets of consignees, or those deriving under them; and the question is, can the owners of the vessel, under such circumstances, file a bill of interpleader, and refuse to deliver to either of the claimants.

As a general rule, such a proceeding is allowable where the party claims no interest himself, and is the subject of conflicting claims by others, which he cannot determine without hazard to himself. (*Atkinson* agt. *Manks*, 1 *Cow.* 691.)

But cases like the present are an exception. Here the captain, before he accepted the second shipment, had full notice. He knew, or had every reason to believe, that difficulty would or might arise out of the first bill of lading. He signed the second with his eyes open, and thereby virtually engaged, whatever might happen, to deliver the flour to the newly-named consignees. If, therefore, he did not intend to do so, it was a deception on his part. Such a deception we are not to presume. At all events, his owners cannot be heard to make such a defence : they are estopped by the second bill of lading. They cannot set up matter previously occurring, and of which they were cognizant. (2 *Mylne & Craig*, 1.) A tenant, accept-

ing a lease (and the case is an analogous one) cannot, when called upon to pay the stipulated rent, dispute the title of his landlord ; nor can he compel his landlord to interplead with some alleged paramount claimant.　Unless enjoined, he must pay his rent as stipulated.　He has no right himself to initiate a litigation.　So with a common carrier, whether by land or water ; if he accepts property to carry, as the property of A., he has no right to dispute A.'s ownership.　He must deliver according to order, and according to agreement, and take his chance for the consequences.　Fraud or insolvency might create an exception; but neither of those grounds is presented here. ·For although Nason & Collins may have failed, their assignees, as far as appears, are perfectly responsible, as also Adams & Buckingham.

The demurrer must therefore be allowed, and the bill dismissed with costs.